UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL B. HARRIS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, a foreign corporation,<br><br>　　　　　　　　Defendant. | NO. 4:20-CV-5043-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPEDITE |

BEFORE THE COURT are Defendant's Motion to Dismiss (ECF No. 29) and Motion to Expedite (ECF No. 32). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 29) is **GRANTED** and Motion to Expedite (ECF No. 32) is **GRANTED**.

//

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPEDITE ~ 1

# BACKGROUND

This case arises out of an automobile collision between David Franklin and Plaintiff Crystal Harris, and a subsequent dispute between Plaintiff and her insurance provider, Defendant Allstate Property & Casualty Insurance Company, concerning underinsured motorist coverage. ECF No. 1-1 at 3-7. Plaintiff's Complaint raises four causes of action: (1) breach of contract; (2) violations of the Washington Consumer Protection Act; (3) negligence/bad faith; and (4) violations of the Washington Insurance Fair Conduct Act. ECF No. 1-1 at 8-12.

On September 10, 2020, the Court held a telephonic hearing regarding a discovery dispute. *See* ECF Nos 22-23. The dispute revolved around the ability to extract electronic information from Plaintiff's personal devices from January 1, 2013 to present. ECF No. 22. The Court allowed Defendant to hire a third-party to extract the information to be turned over to Plaintiff's counsel for which counsel would prepare a privilege log, and then ordered the relevant information be turned over to Defendant. *Id.* The third-party vendor subsequently completed the collection of data from Plaintiff's personal devices and accounts. ECF No. 29 at 5. However, before reviewing or turning over the electronic discovery, on November 10, 2020, Plaintiff's counsel moved to withdraw as counsel of record. ECF No. 27. The Court granted the motion and provided Plaintiff notice of the rights and

1  responsibilities of proceeding *pro se*. *Id.* Plaintiff has not retained new legal

2  counsel.

3        On February 16, 2021, after repeatedly trying to engage Plaintiff in

4  discovery without success, Defendant contacted Plaintiff via email to suggest that

5  the case be dismissed without prejudice. *See* ECF No. 30 at 3, ¶¶ 4-8. Plaintiff did

6  not respond to this email. ECF No. 30 at 3, ¶ 9.

7        After filing the present motions on March 1, 2021, Defendant delivered

8  copies to Plaintiff. ECF No. 33 at 2, ¶ 3. Plaintiff did not file any response.

9  Defendant brings the current motion to dismiss on the grounds that Plaintiff has not

10 pursued her claims against Defendant since proceeding *pro se* and has stated her

11 unwillingness to pursue such claims until, if and when she retains new counsel.

12 ECF No. 29 at 2. Of note, Plaintiff did not produce the electronic discovery as

13 ordered at the September 10, 2020 telephonic hearing. ECF No. 29 at 5-6.

14 Moreover, Plaintiff refused to sit for her own deposition. ECF No. 30 at 3, ¶ 12.

## DISCUSSION

### A. Motion to Dismiss

While pro se pleadings are held to less stringent standards than those prepared by attorneys, pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Pro se litigants must follow the rules of the

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPEDITE ~ 3

court in which he or she litigates. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Defendant also cites to Rule 37(b)(2)(a)(v) as a basis for dismissal: "If a party … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders … [including] dismissing the action or proceeding in whole or in part." A dismissal under rule 37(b) must be predicated on a failure to obey a discovery order that is the result of "willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (internal citation omitted). To find that a party acted with "willfulness, bad faith, or fault" a court need only find that the failure to participate in discovery was "disobedient conduct not shown to be outside the control of the litigant." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985) (internal quotation omitted).

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPEDITE ~ 4

1    Upon a motion to dismiss under these Rules, the district court must weigh

2  the following factors: "(1) the public's interest in expeditious resolution of

3  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

4  defendants; (4) the public policy favoring disposition of cases on their merits; and

5  (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v.*

6  *Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (Rule 41); *Wanderer v Johnson*,

7  910 F.2d 652, 656 (9th Cir. 1990) (Rule 37).

8    Here, Rule 41(b) is triggered on the independent grounds that Plaintiff failed

9  to prosecute her claims where she has demonstrated an unwillingness to engage in

10 litigation, Plaintiff failed to comply with discovery rules by refusing to cooperate

11 in scheduling or sitting for her own deposition (*see* Fed. R. Civ. P. 30(d)(2)), and

12 Plaintiff failed to comply with the Court's order to turn over to Defendant the

13 extracted data from her personal devices.  See ECF Nos. 22, 29.  Rule

14 37(b)(2)(a)(v) is similarly triggered by Plaintiff's failure to comply with the

15 Court's discovery order – there is no evidence that such disobedience was outside

16 Plaintiff's control.  S*ee Fjelstad*, 762 F.2d at 1341.  The Court does not consider

17 Defendant's other bases for dismissal, such as "missing her expert disclosure

18 deadline" where no rule or order requires that Plaintiff produce an expert.  ECF

19 No. 29 at 2.

20

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPEDITE ~ 5

1    The Court has considered the aforementioned factors, all but one of which favor dismissal.  Plaintiff's unresponsiveness and unwillingness to move forward in this action threatens both the expeditious resolution and the orderly and timely disposition of case on the Court's docket.  Likewise, Defendant is prejudiced by Plaintiff's noncompliance with the Court's discovery order and unwillingness to sit for her own deposition.  Defendant's inability to get information from Plaintiff hinders the ability to develop any defense to her claims.  While less drastic sanctions are technically available, such sanctions appear to be fruitless where Plaintiff has indicated she does not have the availability, time, nor resources to pursue this matter, nor has she stated that she is actively seeking new legal counsel. *See* ECF No. 30 at 8, 13; ECF No. 32 at 2.  Defendant's move to dismiss without prejudice protects Plaintiff's ability to refile when, if ever, Plaintiff retains new legal counsel, making this Order a less drastic sanction than dismissal with prejudice.  The factor in favor of adjudication on the merits is outweighed by the other factors in favor of dismissal.  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960-61 (9th Cir. 2006).

For these reasons, the Court finds that dismissal is appropriate under Rules 41 and 37.  Therefore, Defendant's Motion to Dismiss is granted.

//

//

### B. Motion to Expedite

Pursuant to Local Rule 7(i)(2)(C), a party seeking hearing on a time sensitive matter "must file a motion to expedite, which (1) demonstrates good cause, (2) states the position of the opposing party, and (3) sets a date of hearing that is not less than 7 days after the motion's filling." "Should the motion to expedite require more immediate judicial attention, the motion shall establish the necessity for an immediate hearing, and the filing party shall notify chambers staff of the motion." *Id.* Due to the shortened timeline, "[a] response memorandum to an expedited motion is due the day before the hearing set for the expedited motion." *Id.*

The Court finds good cause exists due to the time constraint for Defendant to engage in discovery with Plaintiff, an unwilling litigant, which closes on March 29, 2021. ECF No. 32 at 3. Defendant can only presume Plaintiff's position as she is unwilling to communicate with Defendant. ECF No. 32 at 3. The Court reset the Motion to Expedite hearing for March 8, 2021, to comply with the seven-day hearing requirement. Plaintiff did not file any opposition. Therefore, Defendant's Motion to Expedite is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 29) is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPEDITE ~ 7

2. The Complaint and all claims against Defendant are **DISMISSED** without prejudice.

3. Defendant's Motion to Expedite (ECF No. 32) is **GRANTED**.

4. All deadlines, hearings and trial are **VACATED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, provide copies to the parties and directly to Plaintiff at her address in the record, and **CLOSE** the file.

**DATED** March 11, 2021



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPEDITE ~ 8